**Catherine Irene NORTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00466–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 21, 1988.

Rehearing Denied Aug. 18, 1988.

Travis B. Bryan, III, Youngkin, Catlin, Bryan & Stacy, Bryan, for appellant.

Bill R. Turner, Dist. Atty., Brazos County, for appellee.

Before WARREN, STEPHANOW and SAM BASS, JJ.

OPINION

SAM BASS, Justice.

A jury found appellant guilty of credit card abuse and assessed punishment at two years confinement, probated for two years. As a condition of probation the trial court imposed 20 days in jail.

We reverse and remand.

 In her first point of error, appellant argues that the trial court erred in denying her motion to recuse. She argues that its acts established bias against her to such an extent that she was denied due process of law.

The record reflects that prior to trial on guilt/innocence, the judge, when asked if he would accept a plea bargain of deferred adjudication replied, "No, *and if the jury gives her probation, I'll give her jail time.*" This conversation took place after a hearing on appellant's motion to suppress two statements that she had made, one to Adult Probation Officer Neal during a presentence investigation. Appellant then filed a motion to recuse, which the trial court denied, and a recusal hearing ensued. The judge at this hearing denied appellant's request that the original trial judge be removed because of bias.

The record further reflects that, upon receipt of the jury's assessment of two years probation, the trial judge imposed 20 days confinement in jail as a condition of probation without any request for it by the State. Indeed, when he asked if the State desired jail time as a condition of probation, the State declined.

Appellant relies on *McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim.App.1983), which held that an allegation of bias *without a showing of interest* is never a legal disqualification. In allowing bias as grounds for disqualification, however, *McClenan* limited its use to cases in which the bias is shown to be of such a nature and to such an extent as "to deny a defendant due process of law." *Id.*

In *McClenan,* the challenged judge informed defense counsel that *if* the State proved the facts as elaborated in its statements to the jury, he would not grant probation. The *McClenan* court found this statement to be analogous to the statement of a juror to the effect that he can consider the minimum punishment in a proper case, but not in any particular case, and held that, just as such a juror can not be challenged for cause, the trial judge is not subject to recusal. *Id.* The court specifically added, however, that a trial court's *arbitrary refusal to consider the entire range of punishment* would constitute a denial of due process.

Appellant argues that this case is distinguishable from *McClenan* because the judge's statement in *McClenan* against

granting probation was conditioned on the State proving certain facts and the defense failing to prove mitigating facts. In the instant case, the court made no such conditioning statement. Instead, the trial judge explicitly stated that the he would assess jail time, even if the jury gave probation. This clearly indicates that the trial court, without any evidence before it, had dismissed arbitrarily a portion of the permissible range of punishment—probation without serving jail time.

The State argues that prior to imposing sentence, the trial judge reviewed and considered the pre-sentence investigation ("PSI") report. He stated that his reasons for requiring jail time as a condition of probation included the facts that: (1) appellant lied to the jury, claiming that she had only a minimal involvement with drugs; and (2) she testified that she didn't know the credit card was stolen, which the trial court observed to be contrary to what she had told the probation officer in her PSI interview. It is important, as will be discussed *infra,* to note that his belief that appellant lied, concerning her knowledge of whether the credit card was stolen, was based on evidence adduced during a presentence investigation.

The State refers to the fact that the condition imposed was within the range of punishment prescribed by statute, relying on *Fielding v. State,* 719 S.W.2d 361 (Tex. App.—Dallas 1986, pet. ref'd), for the proposition that "so long as the punishment imposed is within the range prescribed by statute, the motivation of the trial court in imposing the sentence is irrelevant." This statement of the law is both absurd and wholly inapplicable to the instant case because, were it otherwise, we would be required to affirm a sentence, regardless of a trial judge's bias, if the sentence ultimately entered was within the permissible range. (Furthermore, as is obvious, if the sentence were outside the permissible range, it could never be affirmed.)

*Fielding* fails to apply for another reason. In *Fielding,* the defendant argued that the trial judge pre-determined the sentence imposed upon revocation of the de-

ferred adjudication probation. The appellant's contention in *Fielding* was that the trial judge imposed a 60–year sentence upon revocation of deferred adjudication probation, not on the facts of the case, but rather, because of derogatory publicity incurred by the deferred adjudication, as well as publication of the court's threat to give 60 years if conditions of probation were violated.

We note that the statement by the judge in *Fielding* was made after a full trial on the merits, in which the judge heard all of the evidence regarding the offense charged. The judge's statement was a warning to the defendant regarding what would happen if he violated probation. *Fielding* did not involve a motion to recuse; in fact, in concluding the decision, the *Fielding* court noted that the appellant had waived his right to complain of any wrongful reason for the trial court's decision because he had *not* raised a motion to recuse.

We find *Fielding* inapposite. In the instant case, the court's statement was made prior to the trial on the merits, and after a motion to suppress a confession obtained in a presentence investigation. The trial court's statement that he would give appellant jail time, regardless of the jury's assessment, was an arbitrary refusal to consider the entire range of punishment and constituted a denial of due process. This statement was evidence of bias sufficient to require recusal, and the trial judge at the recusal hearing abused her discretion in holding otherwise.

We sustain appellant's first point of error.

■ Appellant's second point of error causes this Court particular concern. Appellant argues that the trial court erred in denying her motion to suppress any mention of statements that she made during her pre-sentence investigation. Not only do we agree with her contention, but we believe that the hearing should never have had to take place because the contents of a pre-sentence investigation should not be made available to the State or the court until after the guilt/innocence stage of a trial is concluded.

The problematic situation appellant details in her second point of error underscores the preferability of delaying a presentence investigation until after guilt/innocence is determined. The trial court in the instant case engaged in a local custom of requiring, or requesting, that a defendant undergo a pre-sentence investigation prior to trial. The Court of Criminal Appeals has spoken directly to the courts of Brazos County about this practice. In *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 7 (Tex.Crim.App.1983), the court condemned the practice of *viewing* pre-sentence investigation reports prior to the determination of guilt or innocence. In particular, the Court of Criminal Appeals held that this practice violated due process. *Id.*

One year later, in *State ex rel. Turner v. McDonald*, 676 S.W.2d 375, 379 (Tex.Crim.App.1984), the court again discussed the practices in Brazos County. The court held that it was unable to harmonize competing provisions in the revised statute concerning pre-sentence investigations, now Tex.Code Crim.P.Ann. art. 37.07, sec. 4, (Vernon Supp.1988), and the statute concerning probation eligibility, Tex.Code Crim.P.Ann. art., 42.12, sec. 4 (Vernon Supp.1988). These provisions conflicted about whether a pre-sentence report should be ordered "before sentencing" or "after conviction." The court clearly rejected the former, "before sentencing," as a possibility. The court then stated the following:

> [I]t is further ordered, adjudged and decreed that Respondent be, and he is hereby ordered to cease and desist from engaging in and imposing each and every practice condemned by this Court in *Bryan v. McDonald*, including inspecting, examining or reviewing contents of presentence investigative reports *prior to determinations of guilt....* (Emphasis added.)

The reasons for this rule are made clear by the facts of this case. In the instant case, the State recommended that appellant provide a pre-sentence investigation report. At a meeting with a probation officer, ap-

pellant related that she knew the credit cards she had used had been taken from their owner without permission. Upon learning of this confession, the State desired to use it at trial for both evidentiary and impeachment purposes. Thus, appellant was required to move to suppress the confession, and its contents thus came to the court's attention prior to the trial on guilt/innocence.

Article 42.12, sec. 4(c) specifically states that *the court may not inspect a report and the report's contents may not be disclosed to any person* unless the defendant pleads guilty, etc., or so permits in writing —neither of which exceptions occurred in the instant case. Yet, in clear violation of this rule, the legislature's mandate, and the Court of Criminal Appeals' statement of the law, the State obtained information from the officer making the pre-sentence investigatory report and placed this information before the trial judge and, ultimately, the jury. Given that the trial court heard the motion to suppress before trial, this information may have been in front of the trial judge at that early date, thus resulting in two violations of article 42.12, sec. 4(c) at one time.

Appellant should not have had to move to suppress her confession to the probation officer because that information should not have been relayed to the prosecution. And this situation would not have arisen had the local custom in Brazos County been that which is required by law: *the pre-sentence investigation report must not be made until after a determination of guilt has been made.*

However, because the evidence in the instant case did come into the hands of the State prior to trial, and because appellant moved for this evidence to be suppressed, the trial court erred in denying appellant's motion. Furthermore, because the evidence was critical to the State's case—indeed, during deliberations the jury specifically requested that the probation officer's testimony be read back to them—appellant suffered great harm. Tex.R.App.P. 81(b)(2).

We sustain appellant's second point of error.

We reverse the judgment and remand the cause for a new trial.