Opinion issued October 9, 2003

     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00933-CR




RICARDO ROQUE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 906957




MEMORANDUM OPINION

           Appellant, Ricardo Roque, was charged by indictment with aggravated sexual assault
of a child. Appellant entered a plea of no contest pursuant to a plea bargain, with an agreed
punishment of confinement for five years. The trial court declined to accept the sentence and
assessed appellant’s punishment at confinement for 40 years. Appellant filed a motion for
new trial and a motion for recusal of the trial judge from hearing the motion for a new trial. 
The motion to recuse was denied and the motion for a new trial was overruled by operation
of law. On appeal, appellant contends that (1) the referral court erred by denying the motion
to recuse and (2) the trial court erred by allowing the motion for new trial to be overruled
without a hearing. We affirm.Background
           Appellant agreed to plead no contest to the offense of aggravated sexual assault of a
child in exchange for a sentence of imprisonment for five years. The trial court refused to
accept the sentence agreed to by appellant and the State. Appellant continued to plead no
contest despite the denial of the plea bargain, and the trial court reset the case for a hearing
on the pre-sentence investigation (PSI) report. During the PSI hearing, the court heard
testimony from witnesses on appellant’s behalf and perused the PSI report. Immediately
prior to sentencing, the trial court stated:  
Loyalty for wives is a difficult situation in cases like this. They sometimes
betray their own children so that they can get money from people like you. 
And that’s obviously what the wife has done in this case. . . . It seems to me
that this is a rather simple case. You got drunk. You were intoxicated. You
raped your daughter. That’s what happened. And because of that, the Court
finds you guilty of aggravated sexual assault of a child.
           The court then assessed punishment at confinement for 40 years. Appellant
subsequently filed a motion for new trial and a motion to recuse the trial judge. Appellant
argued that the trial court did not review the PSI sufficiently before sentencing appellant,
spending only a couple of minutes on the review, and that the court “did not ponder or think
about the information” contained within the PSI, but rather assessed a sentence that was
“arbitrary and prejudiced by the Court’s personal views.” The trial court chose not to recuse
itself and forwarded the motion in accordance with rule 18a of the Texas Rules of Civil
Procedure. The referral court conducted a hearing on the motion to recuse and denied it. 
The appellant’s motion for new trial was overruled without a hearing by operation of law.Motion for Recusal
           In his first issue, appellant contends that the referral court erred in denying his motion
to recuse. Rule 18a of the Texas Rules of Civil Procedure governs a motion for recusal. 
Tex. R. Civ. P. 18a; Bruno v. State, 916 S.W.2d 4, 7 (Tex. App.—Houston [1st Dist.] 1995,
no pet.). Recusal procedures in criminal cases are also governed by rule 18a. Arnold v.
State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993). A judge’s refusal of a motion to recuse
is reviewed under an abuse-of-discretion standard. Tex. R. Civ. P. 18a(f); Wesbrook v. State,
29 S.W.3d 103, 120 (Tex. Crim. App. 2000) (citing Kemp v. State, 846 S.W.2d 289, 306
(Tex. Crim. App. 1992)). Recusal is appropriate if the movant has provided enough facts
that a reasonable person with knowledge of the circumstances would harbor doubts as to the
impartiality of the trial court and the bias is of such a nature and extent as to deny due
process of law. Rosas v. State, 76 S.W.3d 771, 774 (Tex. App.—Houston [1st Dist.] 2002)
(citing Kemp, 846 S.W.2d at 305). Furthermore, the bias must have come from an
extrajudicial source and result in an opinion on the merits of the case other than what the
judge learned from participating in the case. Id. Therefore, the party challenging a denial
of a motion to recuse must show that the trial court’s bias arose from an extrajudicial source,
not merely from actions during the trial court proceedings, unless those actions demonstrated
a high degree of favoritism or antagonism that would render fair judgment impossible. 
Sommers v. Concepcion, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied). Adverse rulings alone are not indicative of the type of deep-seated favoritism that
would make fair judgment impossible. Id. at 41.
           The statements by the trial court and the manner in which the court reviewed the PSI
do not constitute extrajudicial bias, as they took place during, and were part of, the judicial
proceedings. Appellant has not demonstrated that the judge’s rulings demonstrate a degree
of favoritism such that rendering a fair ruling would be impossible. 
           In his reply brief, appellant argues that showing a high degree of favoritism or
antagonism is not necessary for there to be error if the judge demonstrates any sentencing
predilection or bent. However, this argument lacks support absent a showing that the bias
was so great that it prevented any consideration of the attendant circumstances. See Norton
v. State, 755 S.W.2d 522, 523-24 (Tex. App.—Houston [1st Dist.] 1988), pet. refused, 771
S.W.2d 560 (Tex. Crim. App. 1989). In Norton, recusal was warranted because of the
court’s statement prior to the trial that jail time would be assessed even upon a jury verdict
for probation. In the present case, however, the trial court’s comments were made after the
presentation of the evidence, and there has been no showing that the judge had any
predilection toward a particular verdict before hearing the evidence. We hold that the
referral court did not abuse its discretion in denying appellant’s motion to recuse.
Accordingly, we overrule appellant’s first issue. 
Motion for New Trial
           In his second issue, appellant contends that the trial court erred by allowing his motion
for new trial to be overruled without a hearing. 
           The right to a hearing on a motion for new trial is not absolute. Torres v. State, 4
S.W.3d 295, 296 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The trial court is not
required to convene a hearing on a motion for new trial absent a request by the movant for
such a hearing. Gallegos v. State, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref’d). 
The standard of review for a hearing on a motion for new trial is abuse of discretion. 
Edwards v. State, 993 S.W.2d 171, 175-76 (Tex.App.—El Paso 1999, pet. ref'd).
           Our review of the record does not indicate that appellant made any attempt to request
a hearing on his motion for new trial following the recusal hearing. While an “Order for a
Setting” was included in the motion, the order was not signed by the trial court, and there is
no evidence that the motion was ruled upon. In order to preserve a complaint for appellate
review, a party must obtain a ruling on any request, motion, or objection. Tex. R. App. P.
33.1. See Oestrick v. State, 939 S.W.2d 232 (Tex. App.—Austin 1997, pet. ref’d) (holding
that defendant waived error by failing to obtain ruling by trial court on request for hearing
on motion for new trial). Appellant failed to preserve his complaint for appellate review. 
We hold that the trial court did not abuse its discretion in allowing appellant’s motion for
new trial to be overruled without a hearing. Accordingly, we overrule appellant’s second
issue. 
 
 
Conclusion
We affirm the judgment of the trial court.

 

 
                                                                  Sam Nuchia
                                                                  Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).