Affirmed and Majority and Concurring Opinions filed August 17, 2004









Affirmed and Majority and Concurring Opinions filed
August 17, 2004.

 

 

In
The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00404-CR

____________

 

ERNEST ROMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 913,969

_________________________________________________

 

M A J O R I T Y   O P I
N I O N

The jury convicted appellant of delivery of a controlled
substance over 400 grams and assessed punishment at forty years= confinement, and a $50,000
fine.  Appellant is complaining about
actions taken before his convictionCactions and words of the trial judge,
who he claims could not consider the full range of punishment.  








In a single issue, appellant complains that the trial judge
should have been recused and that the judge hearing appellant=s motion to recuse erred in denying
it.  We hold that the trial judge
exhibited a biasCa bent or tendencyCbut was not biased as
contemplated by the case law.  As a
result, we affirm the denial of the motion to recuse because (1) the trial
judge=s opinions about punishment were
based on specific facts of the defendant=s caseCreflecting an attempt to fit the
punishment with the crimeCand (2) the knowledge the trial judge gained about the case
from trying a co-defendant was not knowledge gained from an extra-judicial
source.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was accused of hand-delivering approximately one
pound of a controlled substance to an undercover informant working for the Drug
Enforcement Agency.  Immediately after
the transaction, agents from the Drug Enforcement Agency arrested
appellant.  Appellant pleaded not guilty
to the charge by indictment of delivery of a controlled substance weighing over
400 grams.  Appellant=s case was assigned to the 178th District
Court in Harris County, Judge William Harmon presiding.

Before the punishment phase of the trial, appellant filed a
motion to recuse Judge Harmon based on a dialogue they had when appellant=s counsel informed the Judge they
would like him to assess punishment.  In
the motion, appellant primarily complained that Judge Harmon was unable to
consider the full range of punishment. 
He claimed that this problem effectively removed his right to elect who
assessed punishmentCthe judge or the juryCand that it deprived him of due
process.  Appellant supported this
complaint with three comments Judge Harmon made:  first, Judge Harmon explained that under a
similar first-degree felony drug case, he gave the defendant life in prison;
second, Judge Harmon suggested he would have given a longer sentence to
appellant=s co-defendant than the jury
assessed; and third, in a discussion between appellant=s trial counsel and Judge Harmon
about punishment, the judge told appellant=s counsel that a juryCand not heCshould assess punishment, because he
was likely to impose a higher punishment than a jury.

Judge Harmon denied the motion to recuse and thereafter Judge
Tracy Christopher presided over the recusal hearing.  See Tex.
R. Civ. P. 18a.  Judge Christopher
conducted a hearing and denied appellant=s motion.








Appellant ultimately did go to a jury, which found appellant
guilty as charged, sentenced him to forty years= confinement in the Texas Department
of Criminal Justice, Institutional Division, and ordered him to pay a $50,000
fine.

ANALYSIS

As noted earlier, in his sole point of error, appellant
contends the conviction should be reversed because Judge Christopher denied the
motion to recuse Judge Harmon, which in turn meant that appellant was forced to
go to the jury for punishment rather than having a choice between the judge and
the jury.  Appellant contends Judge
Harmon should have been recused because of both an arbitrary refusal to
consider the entire range of punishment and because of bias.  Under these allegations, recusal is
appropriate (1) if the court arbitrarily refused to consider the evidence or
imposed a predetermined punishment, or (2) if the appellant has provided
sufficient facts to establish that a reasonable person, knowing all the
circumstances involved, would harbor doubts as to the impartiality of the trial
court.  Kemp v. State, 846
S.W.2d 289, 306 (Tex. Crim. App. 1992); Jaenicke v. State, 109
S.W.3d 793, 796 (Tex. App.CHouston [1st Dist.] 2003, pet ref=d); see also  Tex. R.
Civ. P. 18b(2).

When we review an order denying a motion to recuse, we
overturn the order only if the trial court abused its discretion.  See Tex.
R. Civ. P. 18a(f); see also Arnold v. State, 853 S.W.2d
543, 544 (Tex. Crim. App. 1993) (holding rule 18a applicable to criminal
cases).  The trial court abuses its
discretion only if the ruling on the motion was not within the zone of
reasonable disagreement.  See Kemp,
846 S.W.2d at 306.  We consider Athe totality of the evidence@ elicited at the recusal
hearing.  See id.

1.  Arbitrary refusal to consider full range of
punishment.

 








A court denies a defendant due process when it arbitrarily
refuses to consider the entire range of punishment or imposes a predetermined
punishment.  See McClenan v. State,
661 S.W.2d 108, 110 (Tex. Crim. App. 1983), overruled in part on other
grounds by DeLeon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App.
2004); Jaenicke, 109 S.W.3d at 796. 
However, refusal to consider the entire range of punishment would not be
arbitrary if certain facts were proved, and other mitigating facts not
proved.  See McClenan, 661 S.W.2d
at 110.  In the absence of a clear
showing to the contrary, this court will presume that the trial court was
neutral and detached.  See id.; Steadman
v. State, 31 S.W.3d 738, 741B42 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).

Appellant contends all of Judge Harmon=s comments related to punishment show
that Judge Harmon arbitrarily refused to look at the lower range of
punishment.  Two facts in this case
refute appellant=s argument.








First, the evidence presented at the recusal hearing refutes
appellant=s claim.  The recusal hearing record shows Judge Harmon
expressly pronounced that if appellant elected to have him assess punishment,
he would consider the full range of punishment: AI can consider the entire range of
punishment in your case, Mr. [appellant]. 
Let there be no doubt about it  . . . .@ 
Like the court in McClenan, we find these statements analogous to
those of a juror who can consider the entire range of punishment, but perhaps
not once she learns the facts of the case. 
During the recusal hearing appellant=s trial counsel also admitted that
Judge Harmon made no commitment to punishment or guilt, and was going to great
efforts to be fair to appellant.[1]  The mere fact that the appellant fears that
Judge Harmon arbitrarily refused to look at the lower range of punishment is
insufficient cause to grant a motion for recusal.[2]

A second fact refutes appellant=s claim that the judge arbitrarily
refused to look at the lower range of punishment.  Arbitrary means capricious or unreasonable,
or a decision based on uninformed opinion. 
Judge Harmon=s statements were made after he presided over the trial of
one of appellant=s co-defendants.  Based
on the evidence in that trial, the judge knew what punishment he thought
appellant should receiveCsubject to any mitigating evidence that might be
introduced.  Such an opinion, based on
personal knowledge and reason, is the exact opposite of arbitrary.  See Webster=s Collegiate
Dictionary 59 (10th ed.
2002); Oxford Encyclopedic English Dictionary
67 (1991). The case law supports this conclusion.

First is Jaenicke v. State, which appellant relies on,
but which we think shows Judge Harmon did not arbitrarily refuse to consider
the full range of punishment.  Jaenicke,
109 S.W.3d at 795.  In Jaenicke,
the challenged judge told the defendant he was forced to assess the maximum
punishment based on past jury verdicts that assessed similar punishments for Acases probably not as bad as this.@ 
Id.  The court held that
the comments implicitly showed the court considered the evidence, and thus the
trial court=s comments were not sufficient to
rebut the presumption of a neutral and detached trial court.  Id. at 196.  Further, the court found the statements did
not reveal a predetermined punishment, but instead, were an attempt to assess a
sentence proportionate to the crime. Id. 
This case is like Jaenicke. 
The trial judge court was stating that he would assess a sentence
proportionate to the crime based on personal knowledge of the evidence.








The Court of Criminal Appeals has also addressed this issue
in McClenan v. State.   See
McClenan, 661 S.W.2d at 110B11.  In McClenan,
the challenged judge informed defense counsel that he could consider the entire
range, but if the State proved the facts as elaborated in its voir dire
statements to the jury, he would not grant probation.  Id. at 110.  The Court of Criminal Appeals found this
statement analogous to the statement of a juror that she can consider the
minimum punishment in a proper case, but not if certain facts are shown.  In that scenario, the juror could not be
challenged for cause.  That juror and
Judge Harmon are in the same legal position. 
Neither can be challenged successfully for their case-specific
opinions.  See id. at 110; see
also Liteky v. U.S., 510 U.S. 540, 552 (1994).  A case-specific opinion within the statutory
range of punishment is not arbitrary. 
Only an arbitrary refusal to consider the entire range of
punishment would constitute a denial of due process.  Compare id. with Norton v. State,
755 S.W.2d 522, 523B24 (Tex. App.CHouston [1st Dist.] 1988), pet. ref=d, 771 S.W.2d 560 (Tex. Crim. App. 1989) (holding
recusal of trial judge warranted, because of judge=s statement prior to trial that jail
time would be assessed even upon a jury verdict of probation).

In summary, the evidence presented at the recusal hearing
shows that the judge conducted a fair and impartial trial and that he limited
the range of punishment because of an opinion he formed based on the specific
facts of appellant=s case.  The statements
regarding punishment were not arbitrary and the case law supports this
conclusion. Thus, nothing at the hearing rebutted the presumption of a neutral
and detached trial judge, and Judge Christopher did not abuse her discretion
when she denied appellant=s motion to recuse.

2. 
Bias








Although appellant=s brief primarily focused on Judge
Harmon=s ability to consider the full range
of punishment, the brief also appears to raise extrajudicial bias as a basis
for recusal.  Appellant alleges Judge
Harmon=s reference to similar felony drug
cases and the outcome in appellant=s co-defendant=s case show an extrajudicial
bias.  Generally, partiality or bias must
stem from an extrajudicial source and result in an opinion on the merits of the
case other than what the judge learned from participating in the case.  See  United States v. Grinnell Corp., 384
U.S. 563, 583 (1966); Kemp, 846 S.W.2d at 305B06. 
Further, partiality or bias may only be a ground for recusal when it is
of such a nature and extent as to deny the movant due process of law.  See Kemp, 846 S.W.2d at 305.  

a.  The opinions
formed were not from an extra-judicial source. 

Black=s Law Dictionary describes the word extrajudicial as
an adjective defining something taking place A[o]utside court@ or Aoutside the functioning of the court
system,@ and refers to the phrase out-of-court,
meaning A[n]ot done or made as a part of a
judicial proceeding,@ as a synonym to the word extrajudicial.  See Black=s Law
Dictionary 606 (7th ed.
1999).  The plain language meaning of extrajudicial
then, suggests that a statement made within a judicial proceeding, and repeated
in a judicial proceeding, cannot be from an extrajudicial source.  Although we have not found any Texas cases
applying the extrajudicial source rule when the ground for recusal is knowledge
obtained during a co-defendant=s case, several federal circuit courts have held that a
motion for recusal may not be based upon the judge=s rulings from a related case.[3]

Judge Harmon=s comments represent Aopinions formed . . . on the basis of
facts . . . or events occurring in the course of the current proceedings, or of
prior proceedings,@ and are the type of opinions that the United States Supreme
Court has held nearly exempt from causing recusal.  See Andrade v. Chojnacki, 338
F.3d 448, 462 (5th Cir. 2003) (quoting Liteky, 510 U.S. at 555).  Thus, Judge Harmon=s knowledge of the facts of appellant=s case do not stem from an
extrajudicial source.   








b. 
Any alleged bias does not indicate a high degree of favoritism or
antagonism. 

If the alleged bias is not from an extra-judicial source, the
only proper basis for recusal based on bias is a bias indicating a high degree
of favoritism or antagonism.  See
Ludlow v. DeBerry, 959 S.W.2d 265, 271 (Tex. App.CHouston [14th Dist.] 1997, no
pet.)  However, as previously discussed,
appellant=s trial counsel admitted during the
recusal hearing that Judge Harmon was Agoing through a great deal of effort@ to be fair to his client and to
every defendant in his courtroom, and the sense from the testimony was that
Judge Harmon was being fair.  In
addition, by having an opinion on the degree of punishment appellant should
receive, the Judge was not reflecting a high degree of antagonism toward appellant,
because his opinion was based on his knowledge of the case from having tried
appellant=s co-defendant.  One could say he had a bias, but not an
improper one.[4]  We find Judge Christopher did not abuse her
discretion by concluding that any alleged bias of Judge Harmon was not
prejudicial in nature or extent as to deny due process of law.

We affirm the trial court=s
judgment.

 

/s/        Wanda McKee Fowler

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed August 17, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.  (Edelman, J., concurring.)

Publish C Tex. R. App. P. 47.2(b).

 











[1]  As appellant=s trial counsel testified during the recusal hearing,

Q.         But he
did state for the record he would consider the full range of punishment?

A.         He
did.

Q.         Would
you agree the Judge is going through a great deal of effort to be fair to your
client to let him know where he was, what he was accused of, what his exposure
was?

A.         Not
only to my client but every client that comes through there.

                                                                        *
* * * *

Q.         So the
Judge has made no commitments one way or another as to what the punishment will
be?

A.         No
commitments.





[2]  When asked at
the recusal hearing about the range of punishment appellant=s trial counsel responded:

Q.         From
your opinion, . . . what you=re saying is based upon all of the conversation you
think the Judge could give your client greater than 25 years?

A.         Um,
what I=m saying is based upon the conversation, my impression
was that, um, that would be a stretch.  I
mean, giving him less than 25 years would be a stretch, yes.





[3]  See McWhorter
v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (AOrdinarily, a judge=s
rulings in the same or related case may not serve as the basis for a
recusal motion.@); U.S. v. Phillips, 664
F.2d 971, 1002B03 (5th Cir. 1981) (A[A]
motion for recusal may not ordinarily be predicated upon the judge=s rulings in the same or a related case.@); Smith v.
U.S., 360 F.2d 590, 592 (5th Cir. 1966) (A[I]t has been held that a trial
judge who has obtained background information on a defendant, for legitimate
reasons . . . does not thereby render himself incompetent to try that
defendant.@).





[4]  Although Abias@ can mean an unreasoned prejudice, which is how
appellant is using it and what the rule contemplates, bias also means a bent,
tendency, or predilection.  See Webster=s Collegiate Dictionary 110 (10th ed. 2002). 
The bias exhibited here by Judge Harmon was a bent, tendency, or
predilection based on his knowledge of the crime appellant committed.  The record does not lead one to conclude that
Judge Harmon=s opinion was unshakable regardless of the facts.