Henry Roy McCLENAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 212–83.

Court of Criminal Appeals of Texas, En Banc.

Dec. 7, 1983.

Harry Heard, Ebb B. Mobley, Longview, for appellant.

Lowell C. Holt, Dist. Atty., Dwight Brannon, Sp. Prosecutor, Gilmer, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of sexual abuse of a child and sentenced to twelve years' confinement. The court of appeals of the Sixth Supreme Judicial District, Texarkana, affirmed the conviction in an unpublished opinion, delivered December 28, 1982. We granted review on the issue of whether the trial court erred in denying appellant's motion to recuse after the trial judge told appellant's counsel that he could not consider probation in this case.

Appellant elected before trial to have the trial judge assess punishment in the event he was found guilty by the jury. After the jury was impaneled but before the trial began the judge informed appellant's counsel that he could not consider probation if certain facts concerning the offense were proven. Appellant's counsel immediately moved that the judge declare a mistrial or recuse himself because he could not consider the full range of punishment. Appellant contends that the trial judge should have been recused for bias against the range of punishment allowed by law.

In the past we have held that bias or prejudice not based upon interest is not a legal disqualification. *Bright v. State,* 556 S.W.2d 317 (Tex.Cr.App.1977); *Vera v. State,* 547 S.W.2d 283 (Tex.Cr.App.1977). In fact, the long established grounds for disqualification have been stated to be exclusively and inclusively the restrictions set forth in Art. 5, § 11 of the Texas Constitution. *Zima v. State,* 553 S.W.2d 378 (Tex. Cr.App.1977); *Aldridge v. State,* 170 Tex. Cr.R. 502, 342 S.W.2d 104 (1960); *Johnson v. State,* 31 Tex.Cr.R. 456, 20 S.W. 985 (1893). Art. 5, § 11 provides:

"No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

■ Appellant asks that we overrule *Vera,* supra, and those cases ruling out bias as a legal disqualification. We agree and overrule *Vera,* supra, and other cases holding that an allegation of bias is in no case a legal disqualification. However, we limit the use of bias as a ground for disqualification to those cases in which the bias is shown to be of such a nature and to such an extent as to deny a defendant due process of law.

Appellant suggests a standard for determining whether bias requires the court's recusal. Under that standard, a movant must show that if a reasonable man knew of all the circumstances, he would harbor doubt about the judge's impartiality. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1165 (5th Cir.1982).

■ In examining the circumstances of this case we find that even under appellant's suggested standard he has not shown bias on the part of the trial judge. The judge, who has the discretion to grant or deny probation, essentially informed appellant's counsel that if certain facts were proved and other mitigating facts not proved, he would not grant probation:

"THE COURT: Mr. Heard, I believe it was this morning that I advised you that after the opening statements or the voir dire examination, it appeared that the Defense was taking only one position, that was no guilt.

MR. HEARD: Yes, sir.

THE COURT: Apparently did withdraw from consideration some possibilities that I said that would be considered by me for probation in such a case and that would be under a state of intoxication or some other reason that the person was not acting under the normal influences that the person would occupy.

MR. HEARD: Yes, sir.

THE COURT: And the other was based on the statements of the State of what they anticipated to prove. As I advised you that if these facts were shown, and if the Defendant was found guilty, then I did not feel that I could grant probation in this case.

. . . .

. . . . Again, at this point, the Court's in a position that there are cases of this type offense that I feel I could grant probation. However, I feel that from your voir dire examination you have, as far as I can imagine at this time eliminated any of those possibilities. And of course, if offense is proved and the Defendant found guilty as the facts allege by the State, then it is a case that I advised you I could not grant probation."

These statements are analogous to those of a juror who states that he could consider the minimum punishment in a proper case, not any particular case. Such a juror is not subject to challenge for cause for bias against the range of punishment and neither is a trial judge subject to recusal for the same statement. See *Barefoot v. State,* 596 S.W.2d 875 (Tex.Cr.App.1980); *Von*

*Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App. 1978).

■ A court's *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process, so appellant's motion did allege a proper ground for recusal. But the record before us demonstrates that the trial judge was not shown to be biased.

■ To prevent further confusion regarding the court's duty when presented with a facially proper motion to recuse, we shall address the applicability of Art. 200a, § 6, V.A.C.S. to the present case. It states in part: "A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court." We agree with the court of appeals that Art. 200a, § 6 applies to criminal cases in the absence of any explicit or implicit legislative intent indicating otherwise.[1] Before Art. 200a, § 6 is brought into play in criminal cases an obvious prerequisite is that the motion for disqualification must be prima facie adequate: the motion must allege proper grounds upon which a recusal could be sought in the first place.[2] "Any motion" does not include a motion which does not even allege proper grounds for recusal. Since we find that Appellant's motion based on bias as to the range of punishment is a proper ground, Art. 200a, § 6 should have been followed and another judge should have heard the motion. The duty of Art. 200a, § 6 is mandatory when a proper motion to recuse is before the trial judge.[3] The trial judge

1. Contrary to the court of appeals opinion however, we fail to see how Art. 30.02, V.A.C.C.P. has any bearing on the issues in the instant case of applicability of Art. 200a, § 6, V.A.C.S. because Art. 30.02 does not become applicable until *after* a district judge is disqualified.

2. Currently no rule of criminal procedure exists setting forth the requirement for a motion based on Art. 200a, § 6. We invite the legislature to set up strict requirements for such a motion, i.e.: sworn motion setting forth prima facie proper grounds, to be filed before trial or as soon as the issue is presented. Tex.R.Civ. Pro. 18a applies in civil cases and can furnish guidance for a criminal rule. However, a more

precise and detailed criminal rule would be of more help to judges and lawyers alike. See Schwab, "Who Determines Judicial Disqualification?", 43 Tex.B.J. 197 (1980).

3. We further note that appellant did not waive error by not objecting specifically on the grounds of Art. 200(a), § 6, but instead stated that his was a motion for recusal. As Justice Bleil points out in dissent in the court of appeals unpublished opinion, to hold that appellant waived error dictates that defendants and lawyers know a judge's statutory duties, but excuses judges from knowing or following their statutory duties. Appellant properly preserved his ground of error.

erred in not following Art. 200a, § 6. However, because we find that the record before us is complete and that no bias is shown even under appellant's reasonable man standard, we affirm the conviction and decision of the court of appeals.

The judgment of the court of appeals is affirmed.

CLINTON, Judge, dissenting.

The majority holds that "[t]he trial judge erred in not following Art. 200(a), § 6." That holding is correct. *McLeod v. Harris,* 582 S.W.2d 772 (Tex.1979):

"We conclude that under the express terms of Article 200a, Section 6, Judge Harris had the *mandatory duty* to request the Presiding Judge of the Second Administrative District to assign another district judge to hear relator's motion to recuse." *Id.,* at 775.[1]

Notwithstanding, however, the majority excuses breach of such mandatory duty on its own supposition that "the record before us is complete" and does not show bias. Thus, contrary to the very purpose of § 6 and the essential function of having an assigned judge "to *hear* any motions to recuse" and rule thereon, the majority accepts that which the Legislature expressly rejected in amending § 6, *viz:*

"It is probably asking too much of judicial impartiality to expect a judge to rule objectively on a motion that he disqualify himself from a cause if he has not already recused himself voluntarily.... A judge should not be placed in the position or be given the opportunity to rule in such cases. ...."[2]

Because the majority refuses to enforce a legislative mandate that was not followed, I respectfully dissent.[3]

TEAGUE and CAMPBELL, JJ., join.

1. All emphasis is added throughout by the writer of this opinion unless otherwise indicated.

2. From Interim Report of the Judiciary Committee, House of Representatives, 65th Legislature, quoted by the Supreme Court in *McLeod v. Harris,* supra, at 774.

3. Insistence on regular procedure in this cause does not in any way impugn motives and integrity of the trial judge. Indeed, the procedure required and contemplated by § 6 renders such matters immaterial, and they are less likely to be implicated in a dispassionate hearing before an assigned judge.