Glenn v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-250-CR

     SYLVANIA L. GLENN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 93-487-C
                                                                                                    

O P I N I O N
                                                                                                    

      Sylvania Lorene Glenn was convicted by a jury of indecency with a child. See Tex. Penal
Code Ann. § 21.11 (Vernon 1989). The jury found "true" to two enhancement paragraphs and
assessed punishment at life imprisonment and a $10,000 fine. Glenn appeals on two points,
asserting that the court erred in not disqualifying the trial judge and in failing to quash the
indictment. We will affirm the judgment.
PROCEDURAL HISTORY
      Glenn was originally indicted June 26, 1992, in Cause No. 92-433 on two counts of indecency
with a child. Her attorney filed a motion requesting a hearing to determine Glenn's competence
to stand trial. On February 11, 1993, the State filed a motion to amend the indictment as to the
manner of the commission of the offense. At a hearing held on February 15, Glenn apparently
arrived several hours late. 
      On April 15, the State filed a motion asking the court to appoint an expert to determine
Glenn's competency to stand trial. The court appointed psychiatrist Stephen Mark, who informed
the court on April 19 that Glenn was competent. 
      Glenn pleaded guilty in Cause No. 92-433 on April 21, in return for a plea-bargain
recommendation of ten years' probation. The court accepted her guilty plea, assessed punishment
at ten years' imprisonment, but did not grant probation pending a pre-sentence investigation. 
Glenn withdrew her motion to determine her competency to stand trial.
      On July 1, the trial judge informed Glenn that he would not grant her probation. Glenn
withdrew her guilty plea. The State requested that the case be set for trial on August 16. The
State also notified the court that, if it were able to obtain the appropriate penitentiary packets, it
would reindict Glenn with enhancement allegations. As Glenn points out in her brief, the effect
of the anticipated reindictment was to increase the potential punishment from that of a second-degree felony to that of a first-degree felony. The court allowed Glenn to withdraw her guilty plea
and set the trial for August 16.
MOTION TO RECUSE
      In her first point, Glenn complains of an error in denying her Motion to Recuse the trial judge
on the ground that he was disqualified. Glenn argued at the hearing that bias and prejudice, when
of such a nature as to deny a defendant due process of law, is grounds for disqualification of a trial
judge. See McClenan v. State, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983). She argues on
appeal that the trial judge, Judge George Allen, showed his bias by:
      1.   erroneously stating that her attorney had waited until the eve of trial to raise the issue of
incompetency;
      2.   stating that the delay in bringing the cause to trial was due solely to the actions of defense
counsel;
      3.   finding her bond insufficient only after she initially refused to waive her right to ten days
notice of the new indictment;
      4.   lecturing defense counsel when Glenn withdrew her guilty plea after Allen refused to
approve the probated plea-bargain agreement; 
      5.   granting the State's motion to amend the indictment in the manner and means with which
Glenn committed the offense while the first indictment was pending; and
      6.   setting the hearing on the motion for new trial several days after the court's jurisdiction 
had expired.
      The Texas Constitution disqualifies a judge if he is interested in the case or if either party is
connected with him "either by affinity or consanguinity, within such degree may be prescribed by
law . . . ." Tex. Const. art. IV, § 11. The Code of Criminal Procedure prohibits a judge from
sitting in a case where he is the injured party, has been counsel for the State or the accused, or
where either party is related to him by consanguinity or affinity within the third degree. Tex.
Code Crim. Proc. Ann. art. 30.01 (Vernon 1989). Further, bias may be the basis of
disqualification if "the bias is shown to be of such a nature and to such an extent as to deny a
defendant due process of law." McClenan, 661 S.W.2d at 109.
      The Motion to Recuse was heard by Judge John A. James. The trial judge ruling on a motion
alleging bias as a ground for disqualification must decide whether the movant has provided facts
sufficient to establish that a reasonable man, knowing all the circumstances involved, would harbor
doubts as to the impartiality of the trial judge. Kemp v. State, 846 S.W.2d 289, 305 (Tex. Crim.
App. 1992), cert. denied, — U.S. —, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). The denial of
a defendant's motion to disqualify is reviewable only for abuse of discretion. Tex. R. Civ. P.
18a(f); Kemp, 846 S.W.2d at 306. Thus, an appellate court should not reverse a ruling that was
within the zone of reasonable disagreement. See id.; Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1991) (on rehearing).
      In undertaking our abuse-of-discretion analysis, we consider the totality of the evidence
elicited at the disqualification hearing.


 See Kemp, 846 S.W.2d at 306. Glenn offered the court
reporter's tape recordings of the August 16 hearing. The State agreed to stipulate that at the July
1 hearing Judge Allen became aware of Glenn's two prior felony convictions and that the State
announced its intention to use the prior felonies to enhance the range of punishment in the present
case. Finally, Glenn asked the court to take judicial notice that the reindictment was filed July 15,
1993. 
      The record of the August 16 hearing shows that Cause No. 93-487 was called for trial. Glenn
announced that she had not been served with the new indictment which contained the enhancement
paragraphs. The State argued that, during the July 1 hearing, it had put Glenn on notice that it
would seek reindictment. Defense counsel again protested that he had not been notified of the
reindictment. The court responded:
      [COURT]:   Mr. Roberts, I specifically remember this coming up. We were standing right
there when Ms. Toben told you that she was going to seek another indictment,
and right there you told me out of you own little mouth that is fine, if they re-indict it, alleging the enhancement count, that is what we are dealing with. This
is the problem that we have had in this case. You say one thing one time, and
one thing another time.
Defense counsel then moved to quash the new indictment on the grounds that the convictions might
not be valid and requested three days to go to Lampasas and review the court records.
      The court responded:
      [COURT]:   We have had all kinds of trouble in this case. This case was originally set under
the old indictment, and then at the last minute, you would change your mind,
and filed a notice that she was insane, and then you change your mind on that. 
Let me tell you something, if we continue this case today, I am going to count
these days today, and I am going to make it my number one priority to see that
this case is tried. Although I have five hundred other cases that I will see
absolutely that on the eleventh day they have gone to get the copy of the
indictment, so she can be served. You are entitled to every right. You and I
both know exactly what was coming off when you were here the last time, and
we had the conversation, that the State, if she didn't plead, the State was going
to seek to re-indict her and enhance her on the same primary offense that they
have alleged in this indictment. Everybody understood that. But you have laid
behind the log again, so that you can do this. That is fine, Sir, but I intend to
see that you get a speedy trial in this case, and as soon as they get back over
here with the copy of the indictment, so they can serve it, that way we don't
have any question about anything. We don't have to depend on anybody.
Defense counsel then explained that he had not filed the motion to determine competency for
delay, but rather there had been a problem getting the psychological report from the doctor.
      The court ordered that Glenn be taken into custody and set bail at $35,000 on the new
indictment. After some apparent discussion off the record, Glenn waived the ten-day notice
requirement. The court set trial for August 18—giving Glenn two days to prepare her motion to
quash the indictment.
      Glenn argued that Judge Allen had raised her bond without any additional evidence and that
her resulting incarceration deprived her of the opportunity to assist in the preparation of her own
defense. The State argued that Judge Allen's raising Glenn's bond from $25,000 to $35,000 was
justified because the range of punishment went from two to twenty years to five to ninety-nine
years or life. Furthermore, the case had been pending since July 1992, giving Glenn ample time
to have assisted counsel in preparation of her defense. On appeal, the State argues that Judge
Allen's comments during the August 16 hearing were from frustration at a trial that had been
delayed many times both by the State's and Glenn's actions.
      Glenn had the burden to provide facts sufficient to establish that a reasonable man, knowing
all the circumstances involved, would harbor doubts as to the impartiality of the trial judge. See
Kemp, 846 S.W.2d at 305. Having reviewed the evidence presented at the recusal hearing, we
hold that Judge James did not abuse his discretion by denying Glenn's motion to recuse Judge
Allen. Point one is overruled.
MOTION TO QUASH
      In her second point, Glenn complains that the court erred in overruling her motion to quash
the indictment in Cause No. 93-487 because the prior judgments alleged for enhancement purposes
were not final, appealable judgments. Glenn argues that, because the underlying judgments do
not reflect what plea she entered, they are not final, appealable judgments for enhancement
purposes.
      Article 42.01 of the Code of Criminal Procedure provides that a judgment should reflect the
plea entered. Tex. Code Crim. Proc. Ann. art. 42.01 (Vernon Supp. 1994). Failure to adhere
to the requirements of article 42.01 does not render a conviction void, but merely voidable. 
Porter v. State, 757 S.W.2d 889, 891 (Tex. App.—Beaumont 1988, no pet.); see also Ex parte
Dumitru, 850 S.W.2d 243, 245-46 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Although a
judgment's failure to reflect a plea may subject it to reformation on direct appeal, the failure does
not subject the judgment to collateral attack when used for enhancement purposes. Id.
      We overrule point two and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 15, 1994
Do not publish