11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Leesa Marie Parrack

Appellant

Vs.                   No.
11-01-00311-CR B  Appeal from Erath County

State of Texas

Appellee

 

The trial court revoked appellant=s community supervision and
imposed the original sentence of confinement for 8 years and a $1,000
fine.  We affirm.

                                                                  Issue
Presented

Appellant presents one point of error on
appeal.  Appellant complains that the
trial court denied her basic rights by not considering the full range of
punishment.  We disagree.

                                                        The
Trial Court=s
Punishment        

Appellant entered a plea of guilty to the offense
of injury to a child.  The trial court
convicted appellant and assessed punishment at confinement for 8 years and a
$1,000 fine.  Pursuant to the plea
bargain agreement, the trial court suspended the imposition of the confinement
portion of the sentence and placed appellant on community supervision for 8
years.

On August 9, 2000, 14 months after appellant was
placed on community supervision, the State filed a motion to revoke appellant=s community supervision;
and, on October 26, 2000, the State filed an amended motion to revoke appellant=s community
supervision.  Appellant and the State
reached an agreement to amend the terms of her community supervision, and the
trial court entered an order amending the terms of community supervision.  In the amended order, the trial court
required appellant to serve 90 days in the Erath County Jail and extended the
term of community supervision for 1 year.








On July 20, 2001, the State filed a second motion
to revoke.  The State alleged a number
of violations of the conditions of community supervision.  On September 17, 2001, the trial court held
a revocation hearing.  At the hearing,
appellant admitted that all of the alleged violations were true.  After hearing testimony from appellant and
two character witnesses for appellant, the trial court revoked appellant=s community supervision and
sentenced her to 8 years confinement in the Institutional Division of the Texas
Department of Criminal Justice and a $1,000 fine.

We review the trial court=s sentence of appellant under an abuse of
discretion standard.  See Jackson v. State,
680 S.W.2d 809, 814 (Tex.Cr.App.1984).  
As a general rule, if a sentence is within the proper punishment range,
the sentence will not be disturbed on appeal. 
Jackson v. State, supra at 814.  
We note that the sentence is within the punishment range for a third
degree felony offense.  See TEX. PENAL
CODE ANN. ' 12.34
(Vernon 1994).  

Appellant claims that the trial court violated her
rights by failing to consider the full punishment range.  To prevail on a claim that the trial court
violated her due process rights, it is appellant=s
burden to establish that the trial court arbitrarily refused to consider the
full punishment range.  McClenan v.
State, 661 S.W.2d 108, 110 (Tex.Cr.App.1983). 
Appellant cannot meet her burden. 
Nothing in the record supports appellant=s
contention that the trial court did not consider the full range of
punishment.  In fact, the record
supports the proposition that the trial court did consider the full range of
punishment.   The trial court explained
to appellant twice that, if it found that the allegations in the motion to
revoke probation were true, one of the remedies available to it was to revoke
her probation and impose a sentence. 
The record establishes that the trial court considered the evidence,
possible remedies, and appellant=s
history before it sentenced appellant. 
We find that the trial court did not abuse its discretion.

This Court=s
Ruling               

The judgment of the trial court is affirmed.

 

         
  TERRY McCALL

August 8, 2002                                                             JUSTICE

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.