Eusebio Loredo v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-078-CR

     EUSEBIO LOREDO,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-850-C
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Eusebio Loredo was indicted on three counts of sexually molesting a child. Tex. Pen. Code.
Ann. § 22.021 (Vernon Supp. 2002). A jury convicted him on each count and assessed thirty-year sentences. The State filed a motion that the three sentences run consecutively, which the
court granted. Id. § 3.03 (Vernon Supp. 2002). 
      On appeal, Loredo raises three issues:
1.A venire member could not consider community supervision as a possible
punishment, and the court erred by not granting a motion to strike the member for
cause.
 
2.Defense counsel was ineffective by not requesting notice from the State of its intent
to present, during the punishment phase, evidence of extraneous acts.
 
3.The statute authorizing consecutive sentences is unconstitutional, because it
improperly delegates a legislative power to the judicial branch.

      We will reverse the judgment based on the first issue.
Analysis
      The record supports, and the State does not dispute, that Loredo properly preserved, under
Johnson v. State, his complaint for harmful error, if there was error. Johnson v. State, 43 S.W.3d
1, 5-7 (Tex. Crim. App. 2001) (applying Tex. R. App. P. 44.2(b)). Those steps are that the
defendant: (1) exercised a peremptory challenge on a venire member whom the trial court should
have excused for cause; (2) exhausted his peremptory challenges; (3) was denied a request for an
additional peremptory challenge; and (4) identified an objectionable venire member who sat on the
case who he would have struck otherwise. Id. at 5-6. Therefore, the question is whether the court
erred by refusing to strike the venire member for cause. If there was error, a reversal follows. 
Id. at 6-7.
      During voir dire, the court engaged the venire panel in a lengthy colloquy. In one part, the
court examined the venire members about whether they could consider, in any case involving child
sex abuse, the various punishments possible in Loredo’s trial, including community supervision. 
None of the members said they could not consider any of these options. But when defense counsel
questioned the venire panel, this exchange occurred with one member:
ATTY:Do you feel that probation is appropriate in some situations that involve
aggravated sexual assault of a child?
 
      MEMBER:  Do I think that?
 
      ATTY:  Probation could be appropriate in some situations?
 
MEMBER:I would rather have to consider the situation because personally I feel that
sexual perpetrators are very hard to rehabilitate.
 
ATTY:Well, then I guess the next question I have to ask you is – and I will tell you the
law says that you really ought not to be a juror on a particular case if you
automatically rule out one of the punishment objectives. And my question is in
your mind do you feel realistically that you have ruled out probation as a
punishment option?
 
      MEMBER:  If he is convicted of this aggravated assault?
 
      ATTY:  Yes, ma’am.
 
      MEMBER:  Yes.
 
ATTY:Okay. And so, considering that would not be an option if you were on a jury
and found somebody guilty of that?
 
      MEMBER:  Yes.
The State did not rehabilitate the member.
      After defense counsel concluded his voir dire, the court called four venire members into
chambers for individual examination, but the member in question was not among them. At the
conclusion of these examinations, defense counsel moved to strike the member for cause because
she could not consider community supervision as a possible punishment. The motion was denied. 
This exchange occurred:
      ATTY:  Your Honor, the defendant at this time would move the court for an
additional peremptory challenge. We are required to use a strike on
[the venire member in question] who we had moved to strike for cause
and that motion was denied. And we have at least one additional strike
we would like to make.
 
COURT:My recollection of [the venire member in question] is that while she did tell
you at one time that probation would not be a possible punishment in her
mind that when I asked her a question she recanted and said that she would. 
Does anybody disagree with that? Or have I screwed the numbers up
again?
 
STATE:She did say something about probation being an appropriate consideration.
 
COURT:And I recognize that she did not say that in response to you. So the ruling
is the same.

      The record does not show that the court ever questioned this venire member. But the court
did speak with another member who, after being questioned by the court, changed her mind about
whether she could consider community supervision; she ultimately said it would depend on the
evidence.
      A defendant is entitled to have only jurors who will consider the full range of punishment
applicable to the offense with which he is charged. Johnson v. State, 982 S.W.2d 403, 405-06
(Tex. Crim. App. 1998) (citing Tex. Code Crim. Proc. Ann. art 35.15 (Vernon 1989 & Supp.
2002)). As a matter of law, if a venire member cannot do that, the court abuses its discretion by
denying a challenge for cause as to that member. Id. at 406. 
      In Brantley v. State, we concluded that it was error for the trial judge not to grant challenges
for cause against venire members who could not consider community supervision as an option to
be considered in assessing punishment against the defendant if it convicted him. Brantley v. State,
48 S.W.3d 318, 326-27 (Tex. App.—Waco 2001, pet ref’d); cf. Speth v. State, 6 S.W.3d 530, 532
(Tex. Crim. App. 2001) (community supervision is not part of the “sentence”). We now hold
that, for purposes of testing a venire member’s inability or unwillingness to consider the “full
range of punishment,” community supervision is part of punishment. Johnson, 982 S.W.2d at
406. Our conclusion is supported by the legislative directive that prospective jurors may be
challenged for cause if they have “a bias or prejudice against any of the law applicable to the case
upon which the defense is entitled to rely, either as a defense to some phase of the offense for
which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor.”
Tex. Code Crim. Proc. Ann. art 35.16(c)(2) (Vernon Supp. 2002) (emphasis added). In
addition, when the court, rather than the jury, assesses punishment, the court’s “arbitrary refusal
to consider the entire range of punishment would constitute a denial of due process . . . .” 
McLennan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983) (involving consideration of
probation); see also Burke v. State, 930 S.W.2d 230, 234 (Tex. App.—Houston [14th Dist.] 1996,
pet. ref’d); Cole v. State, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet. ref’d) (citing
McLennan).
      Twice, the venire member in question unequivocally said she could not consider community
supervision. As a matter of law, the court abused its discretion in not granting the motion to strike
her. We sustain issue one.
Other Issues
      Because of our resolution of the first issue, we do not decide the remaining two.
Conclusion
      We reverse the judgment and remand the cause for a new trial.

 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring)
Reversed and remanded
Opinion delivered and filed January 8, 2003
Publish
[CRPM]