Opinion issued February 23, 2006












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00645-CR




NORMA JEAN PEREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 01CR0805




MEMORANDUM OPINION

          Appellant, Norma Jean Perez, pleaded guilty to state-jail felony theft in August
2001, and the trial court placed her on community supervision for five years. See
Tex. Pen. Code Ann. § 31.03(e)(4) (Vernon 2003). The State filed a motion to
revoke community supervision in March of 2005, which motion the trial court
granted. In three issues, appellant contends that the trial court (1) violated her right
to due process of law under the United States Constitution


 and her right to due
course of law under the Texas Constitution


 and (2) abused its discretion in revoking
her community supervision, and in assessing her punishment, because the court failed
to consider relevant evidence and expressly considered irrelevant matters that were
not in evidence. Concluding that each of appellant’s complaints is waived, we affirm
the judgment.
Facts

          Appellant was placed on community supervision in August 2001, and the court
modified the terms of her community supervision in November 2001, apparently to
address her drug and alcohol abuse by, for example, ordering her to undergo
treatment. The State’s motion to revoke appellant’s community supervision alleged
that appellant had violated her community-supervision order by (1) committing the
offense of “Fail to ID Fugitive from Justice,” (2) failing to report to her community-supervision officer on several occasions, (3) failing to pay her community-supervision fee, (4) failing to pay court costs, and (5) failing to pay reimbursement
for appointed counsel. 
          At the hearing on the State’s revocation motion, the State called Robert Cloud,
appellant’s community-supervision officer, and appellant testified on her own behalf. 
Cloud testified to appellant’s violations of the community-supervision requirements, 
her problems with a continuing cocaine addiction, and her lack of success with out-patient or short-term drug-rehabilitation programs. Cloud opined that appellant
should be placed in a particular drug-rehabilitation program, SAFP, on a longer-term
basis because she had not succeeded in out-patient or short-term programs and needed
more structure. Cloud’s testimony continued as follows:
State:If I were to tell you that Ms. Perez does not want to go to
SAFP, what would your recommendation be?
 
Cloud:If she doesn’t want to get help for herself, then the only
thing I could see was if she went to prison. She got [sic]
revoked. Because I think by giving her an opportunity to
go to SAFP would be the chance to possibly save her life
and help her get on the right track. If she doesn’t choose
that—I know that’s her choice—then, being on probation,
she’s proven time and again that she can’t be on [it].

          Appellant admitted that she had failed to report to her officer in four months
and that she had a cocaine addiction and drinking problems; she testified that she did
not want her community supervision revoked because she feared that her Pakistani
husband might take their young daughter to Pakistan if he was deported and because
her 15-year-old daughter was pregnant and needed her; and she testified to various
extenuating circumstances, including that she had had no transportation, that her
husband abused her and was a negative influence, and that she did not have funds to
pay what the community-supervision order required. Although her testimony on this
point is not very clear, it appears that she testified that she preferred out-patient
counseling for her drug problems, rather than treatment at SAFP, as recommended by
Cloud. During a short closing argument, the prosecutor asked that appellant be
placed in SAFP, and defense counsel suggested that the court also consider the
alternative of out-patient rehabilitation for appellant, so that she could remain with
her father.
          The court found true two of the State’s allegations,


 found that appellant had
thereby violated the community-supervision order, and assessed her punishment at
15 months in state jail. In pronouncing its sentence, the court made the statements
of which appellant complains on appeal. Because the trial court’s statements are at
the heart of appellant’s complaints, we set them out in full:
 
Court:Okay. Let’s start off talking about the case. Because it
doesn’t seem like anybody’s even considered the poor
victim in this case, Lottie Willoughby, who is out a ring,
somewhere between $1,500 and $20,000 restitution. Looks
like $1,500. We’ve got a victim that’s just out. She just
loses. And I really like to look at victims on cases. We’re
doing more than just shoveling people around the system. 
We’re trying to do a little bit of justice. Now I see that the
Court gave Ms. Perez some excellent opportunities to take
care of her business. Maybe the Court knew more about
her case—and I’m not taking credit for this. And I do
mean credit—maybe the Court knew better than Ms. Perez
about the wonderful things she had to look forward to, such
as her children. And gave her chances on probation, and
then, gave her another chance on probation in the form of
an order modifying her probation. It looks like through
one-and-a-half years of extra treatment and drug
rehabilitation facilities that the Court and the justice system
and probation has thought of nothing more than to try to
help her through her drug addiction or substance abuse
problems.
 
But having said that, now is a really bad time to be
thinking about your children, when you’re sitting in jail. 
Now is the wrong time to be bringing up that child thing. 
That’s the thing you should have thought about four years
ago. I’m sentencing you to 15 months in the state jail. 
When will those papers be ready?
 
State:Later this afternoon or first thing in the morning, Judge,
whichever you prefer.
 
Court:Let me be specific here. I’m finding true on the one she
agreed true on, which is number one and on number four
and nothing else.
Waiver
          In three issues, appellant complains that the trial court’s above-quoted
statements both violated her constitutional rights and demonstrated an abuse of
discretion. However, the gist of her argument under all three issues is that the trial
court failed to act as a fair and neutral adjudicator, which she contends violated her
constitutional rights and constituted fundamental error. That is, each of her
issues—even those phrased in terms of abuse of discretion—is argued as if it
concerned error of constitutional dimension. Therefore, we address her three issues
together and construe them as raising constitutional challenges.
          A party generally must object to preserve error. Tex. R. App. P. 33.1(a)(1). 
“This rule ensures that trial courts are provided an opportunity to correct their
mistakes at the most convenient and appropriate time—when the mistakes are alleged
to have been made.” Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). 
However, if the error is fundamental, the lack of an objection will not waive the error. 
Blue v. State, 41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000); see Tex. R. Evid.
103(d) (“In a criminal case, nothing in these rules precludes taking notice of
fundamental errors affecting substantial rights although they were not brought to the
attention of the court.”). Also, if an objection would have been futile, the lack of an
objection will not waive the error. Graham v. State, 710 S.W.2d 588, 591 (Tex.
Crim. App. 1986). Appellant does not contest that she did not object below to the
court’s complained-of statements, but argues that an objection was unnecessary both
because the error was fundamental and because an objection would have been futile. A.Fundamental Error
          Appellant compares this case to Blue v. State, in which the Court of Criminal
Appeals held that error, even if not preserved by an objection, could be noticed on
appeal if that error was fundamental. See 41 S.W.3d at 132-33. In Blue, the trial
court made statements during voir dire that tainted the defendant’s presumption of
innocence. Id. at 132 (“Similarly, the comments of the judge in this case . . . ‘vitiated
the presumption of innocence’ before the venire . . . .”). The Blue court held that this
was fundamental error that did not require preservation by objection. Id. at 132. Our
Court, relying on Blue and other authority of the Court of Criminal Appeals, has also
recognized that
[d]ue process requires a neutral and detached judicial officer. “A court’s
arbitrary refusal to consider the entire range of punishment would
constitute a denial of due process . . . .” Additionally, a court denies a
defendant due process when it refuses to consider the evidence or when
it imposes a predetermined punishment.

Jaenicke v. State, 109 S.W.3d 793, 796-97 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d) (citations omitted; emphasis in Jaenicke; quoting McClenan v. State, 661
S.W.2d 108, 110 (Tex. Crim. App. 1983)); see Ex parte Brown, 158 S.W.3d 449, 456
(Tex. Crim. App. 2005) (“[A] trial court’s arbitrary refusal to consider the entire
range of punishment in a particular case violates due process.”). The Jaenicke Court
also recognized, however, that “[i]n the absence of a clear showing to the contrary,
a reviewing court will presume that the trial court was neutral and detached.” Id. at
796; accord Buerger v. State, 60 S.W.3d 358, 364 (Tex. App.—Houston [14th Dist.]
2001, pet. ref’d). Fundamental error is error that affects rights that are so
fundamental to the judicial system that they are granted special protection and cannot
be waived by inaction alone. Blue, 41 S.W.3d at 131.
          The trial court’s first alleged error was in failing to consider appellant’s
evidence that her community supervision should not be revoked because her children
needed her.


 Specifically, appellant argues that the court (1) denied her the right to
be heard and to present evidence, in denial of her rights to due process and due course
of law, and (2) revealed a lack of impartiality when the court made the complained-of
statement.
          However, the factfinder has the ability to consider whatever evidence it
chooses. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). If the court
thought that the testimony regarding appellant’s children was unpersuasive, the court
was at liberty to disregard it or to give it whatever weight the court saw fit. See id. 
Accordingly, the court’s complained-of statement could simply have indicated the
court’s decision, as factfinder, not to give weight to that evidence. That is, on this
record, the court’s comment does not clearly or necessarily demonstrate that the court
had already decided not even to consider this evidence (not permissible), rather than
that it considered the evidence, but then decided not to give it weight (permissible).


 
Because the court’s comment does not clearly indicate that the court was anything
other than neutral and detached, we hold that appellant has not overcome the
presumption that the court acted neutrally and fairly in revoking community
supervision or in assessing punishment.


 See Jaenicke, 109 S.W.3d at 797. 
Accordingly, appellant has failed to show that the alleged error was fundamental.
          The second alleged error is the trial court’s supposed consideration, in revoking
community supervision and assessing punishment, of appellant’s failure to pay
restitution to the victim, when restitution had not been ordered and when no evidence
had been presented on the matter.


 Specifically, appellant contends that the trial court
denied her due process and due course of law in considering restitution at all because,
by doing so, the court (1) was neither neutral nor detached, in that the court’s
statement about restitution revealed that the court disagreed with a predecessor
judge’s assessment of community supervision in the first place, and (2) deprived
appellant of notice of the grounds for revocation by, in effect, revising the terms of
community supervision to add restitution. Appellant’s arguments stand or fall on the
assumption that the trial court considered lack of restitution in revoking community
supervision or in assessing punishment. However, the court’s complained-of
comment does not clearly or necessarily show that the trial court did so. For example,
the statement may have been merely a comment on the background of the case. 
Additionally, the court’s specific comment that the previous judge had given
appellant additional chances on probation does not necessarily amount to a criticism
of that judge, but could instead be a statement about how the prior, multiple attempts
to help appellant with her drug habit were indisputably ineffective. And the court’s
assessing imprisonment as punishment might be explained, for example, not by the
court’s supposed consideration of restitution, but instead by the undisputed testimony
that appellant’s prior drug treatment had been ineffective, by Cloud’s opinion that
appellant should be sent to jail for her own good if she did not agree to attend SAFP
for rehabilitation, and by appellant’s testimony that she thought that out-patient or
less intensive rehabilitation would suffice, rather than treatment at SAFP. Because
the court’s restitution comment does not clearly indicate that the court was not neutral
and detached, we hold that appellant has not overcome the presumption that the court
acted neutrally and fairly in revoking community supervision or in assessing
punishment. See Jaenicke, 109 S.W.3d at 797. Accordingly, appellant has failed to
show that the alleged error was fundamental.
          Moreover, the lack of certainty as to what the court meant by the two
complained-of statements is exactly what the contemporaneous-objection rule is
designed to prevent. See Castillo v. State, 739 S.W.2d 280, 297 (Tex. Crim. App.
1987) (“The purpose for the contemporaneous objection rule is to call the trial court’s
attention to the” error of which complaint is made). If trial counsel had objected, the
court could have made its meaning clear regarding the comments about restitution
and appellant’s children’s needs. For example, the court could have said that the lack
of restitution had some relation to the sentence in this case, which would have given
trial counsel the opportunity to argue that such evidence could not be considered,
which in turn would have given the trial court the opportunity to make a more fully
informed decision. Or the court could have indicated whether it was refusing to
consider evidence about appellant’s children’s needs at all, or whether the court had
considered that evidence, but had decided not to give it weight. We thus hold that
any error concerning the court’s complained-of statements was not so fundamental
that it excused appellant’s failure to object.
B.      Futility
          If it is clear that an objection would be futile, one need not be made to preserve
error. Jefferson v. State, 803 S.W.2d 470, 472 (Tex. App.—Dallas 1991, pet. ref’d). 
Appellant argues that, even if the error is not fundamental, it would have been futile
for her to object because “the trial judge below gave no premonition of his reasons
until his final statement . . . . There was simply no chance for Counsel to lodge an
objection before the sentence had been pronounced, and on this record any objection
or subsequent motion would have been futile.”
          Appellant argues that her case is like Jefferson, in which the court held that the
appellant had not waived his complaint that the trial court had unconstitutionally
predetermined punishment because of “the abrupt nature of the judge’s assessment
of punishment and thus defendant’s inability to recognize that the assessment of
punishment would be based on factors other than the evidence.” See id. (noting that
appellant’s new-trial testimony was that “Judge Baraka asked the probation man did
he promise me anything and he said yes, 20 years; and Judge Baraka said, you know
what time it is, 20 years.”). Unlike what appears to have occurred in Jefferson, the
court here made the statements concerning restitution long enough before he
pronounced appellant’s sentence for appellant to have objected that the court was
considering an improper matter. Moreover, we have already held that the court’s
statements concerning restitution and appellant’s children’s needs were not so clear
as to show bias, unfairness, or a lack of neutrality, and nothing else shows that the
trial court would not have considered an objection raised contemporaneously. Thus,
there is no reason to believe that an objection would have been futile.
Conclusion
          Because the complained-of error does not rise to the level of fundamental error,
and because there is no reason to believe that an objection would have been futile, we
hold that appellant waived her appellate challenges by failing to object at trial. We
thus overrule appellant’s three issues and affirm the judgment of the trial court.

 
Tim Taft
Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).