IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00241-CR

 

Scotty Fitzgerald McKamey,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-1002-C

 



MEMORANDUM  Opinion










 

      McKamey appeals his convictions for
aggravated robbery.  See Tex.
Penal Code Ann. § 29.03(a) (Vernon 2003).  We affirm.

      In McKamey’s one issue, he contends that
the trial court erred in overruling McKamey’s objection to testimony concerning
an extraneous robbery.  See Tex.
R. Evid. 403-404.  “As a prerequisite to presenting a complaint for
appellate review, the record must show that . . . the complaint was
made to the trial court by a timely request, objection, or motion
. . . .”  Tex. R. App. P.
33.1(a).  “[A] defendant who allows
evidence to be introduced from one source without objection forfeits any
subsequent complaints about the introduction of the same evidence from another
source.”  Reyes v. State, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002)
(citing Stoker v. State, 788 S.W.2d 1, 12 (Tex. Crim. App. 1989)); accord
Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997).  By the same
token, “if [a] defendant objects to [the] admission of evidence but [the] same
evidence is subsequently introduced from another source without objection [the]
defendant waives [the] earlier objection.”  Howard v. State, 153 S.W.3d
382, 385 (Tex. Crim. App. 2004), cert. denied, 164 L. Ed. 2d 132
(2006); see Massey v. State, 933 S.W.2d 141, 149 (Tex. Crim. App.
1996).  

      McKamey permitted numerous references to
the extraneous robbery to pass without objection before first objecting. 
McKamey argues that his trial “counsel protested that he had not objected to”
the witness’s “references on purpose because he did not think her references
were substantive enough to object and thereby alert the jury.”  (Br. at 2.)  McKamey thus forfeited his complaint.  We overrule McKamey’s issue.  

      Having overruled McKamey’s
sole issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed March 29, 2006

Do
not publish

[CRPM]







normal'>                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 159th District Court

Angelina County, Texas

Trial Court No. 23736

 



MEMORANDUM 
Opinion



 








          Appellant
Sam Childress was indicted for intentionally and knowingly producing “a
performance, to-wit: a video tape that included sexual conduct by John Doe
(pseudonym), a child younger than 18 years of age, and [Childress] knew the
character and content of the material.”  He
pled guilty to the offense of sexual performance by a child.  See
Tex. Pen. Code Ann. § 43.25 (Vernon
2003).  Childress elected punishment by
the trial court, who sentenced him to fifteen-years’ imprisonment for violating
section 43.25(b), a second-degree felony with a punishment range of two to
twenty years.  See id. § 43.25(b-c); § 12.33(a) (punishment range of 2 to 20 years
for second-degree felony).

          In
his first and second issues, Childress complains that the trial judge abused
his discretion by using an improper standard in assessing punishment and that
this standard disqualified the trial judge under article 5, section 11 of the
Texas Constitution (disqualifying judge who is related within third degree to
party) and article 30.01 of the Texas Code of Criminal Procedure (disqualifying
judge where “party injured may be connected with him by consanguinity or
affinity within the third degree”). 
These complaints are based on the trial judge’s statement at the
sentencing hearing that he viewed this case as if Doe were his own 15-year old
child.  The State points out that the
trial judge’s comments arguably were made in response to Childress’s testimony,
which the trial judge appeared to construe as lacking in remorse toward Doe.

          Childress
did not raise these complaints in the trial court.  His motion for new trial asserted only that
the punishment was “contrary to the law and the evidence.”  He asserts on appeal that no complaint in the
trial court was necessary because the constitutional and statutory
disqualifications are mandatory and, citing Gamez
v. State, that a judge’s disqualification may be raised for the first time
on appeal.  See Gamez v. State, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987) (objection to judge on
disqualification grounds may be made at any time, including for first time on
appeal, and may not be waived).

The constitutional and statutory
disqualifications simply do not apply on their face since Doe was not in fact
related to the trial judge.  Childress thus
urges alternatively that the trial judge’s comments reflected a bias that
warranted disqualification because it was of such a nature as to deny him due
process.  See McClenan v. State, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983) (in child sexual abuse
case, disqualifying bias not shown by trial judge’s statement that if certain
facts were proved, judge would not grant probation).  Childress asserts that such bias was shown
because the trial judge placed himself in a posture that would have warranted
disqualification.  The burden in McClenan for bias is a showing that if a
reasonable person knew of all the circumstances, he would harbor doubt about
the judge's impartiality.  Id.  Under the facts of this case and the
circumstances of the trial judge’s comments, that burden is not met.  Although we do not necessarily approve of the
trial judge’s comments, we overrule issues one and two.

          The
indictment in this case alleged that Childress “did then and there
intentionally or knowingly produce a performance, to-wit:  a video tape that included sexual conduct by
John Doe (pseudonym), a child younger than 18 years of age, and [Childress]
knew the character and content of the material.”  The offense of sexual performance by a child
can be either a second-degree felony (§ 43.25(b-c)) or a third-degree felony (§
43.25(d-e)).  Section 43.25(b) provides:  “A person commits an offense if, knowing the
character and content thereof, he employs, authorizes, or induces a child
younger than 18 years of age to engage in sexual conduct or a sexual
performance.”  Tex. Pen. Code Ann. § 43.25(b).  Section 43.25(d) provides:  “A person commits an offense if, knowing the
character and content thereof, he produces, directs, or promotes a performance
that includes sexual conduct by a child younger than 18 years of age.”  Id. § 43.25(d).

Without benefit of a plea bargain, Childress pled
guilty to the second-degree felony (§ 43.25(b-c)) of sexual performance by a
child.  After a punishment hearing, the
trial court sentenced him to fifteen-years’ imprisonment.  In his third issue, Childress complains that
the fifteen-year sentence falls outside the range of punishment because the language
in the indictment reflects that he actually pled guilty to section 43.25(d), a
third-degree felony, rather than to section 43.25(b), a second-degree felony.  The State agrees with Childress, as do
we.  Because the fifteen-year sentence
falls outside the punishment range for the indicted offense to which Childress
pled guilty, we sustain Childress’s third issue and reverse the trial court’s
judgment.  We thus need not address his
fourth and fifth issues, which assert that the fifteen-year sentence is cruel
and unusual punishment.  See Tex.
R. App. P. 47.1.

          Childress
asks us to remand the case for a new punishment hearing, while the State says
that we should reform the judgment to reflect a sentence with the proper range
of punishment.  In this circumstance, we
may only remand for a new punishment stage. 
See Tex. Code Crim. Proc. Ann.
art. 44.29(b) (Vernon Supp. 2004-05); Levy
v. State, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991) (when defendant enters
guilty plea without benefit of plea bargain and trial judge assesses punishment
not authorized by law, appropriate remedy is to allow guilt finding to remain
and to remand case to trial court for proper assessment of punishment).

          We
reverse the trial court’s judgment and remand the case for further proceedings
consistent with this opinion.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Reversed and
remanded

Opinion delivered
and filed May 25, 2005

Do not publish

[CR25]