# NO. 12-08-00398-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMMY D. COOPER,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Jammy D. Cooper appeals his conviction for possession of methamphetamine. In one issue, Appellant contends the trial court did not consider the entire range of punishment before assessing his sentence. We affirm.

### BACKGROUND

A Gregg County grand jury indicted Appellant for the felony offenses of possession with intent to deliver methamphetamine and simple possession of methamphetamine. The grand jury alleged that the quantity possessed was more than one gram but less than four grams, making the offenses second and third degree felonies, respectively. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(c), 481.115(c) (Vernon 2003).

Appellant pleaded guilty, without a plea agreement, to the offense of possession of methamphetamine, a third degree felony. The State did not proceed on the second degree felony charge. Appellant asked the trial court to suspend his sentence and place him on community supervision. The State also recommended a suspended sentence. Appellant admitted during the sentencing hearing that he had used methamphetamine on one occasion while on pretrial release and that he had been arrested for possession of

methamphetamine on another occasion, also while on pretrial release. The trial court assessed punishment at imprisonment for six years. This appeal followed.

## CONSIDERATION OF THE FULL RANGE OF PUNISHMENT

In his sole issue, Appellant argues that the trial court did not consider the entire range of punishment before assessing his sentence. Specifically, he argues that the trial court did not consider probating his sentence and placing him on community supervision.

**Applicable Law**

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment for an offense. *See* ***McClenan v. State***, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). Likewise, the due course of law provision of the Texas Constitution requires that a trial court consider the entire range of punishment. *See* ***Teixeira v. State***, 89 S.W.3d 190, 192 (Tex. App.–Texarkana 2002, pet. ref'd).

The range of punishment for a third degree felony is between two and ten years of imprisonment prison. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003). In certain circumstances, a trial court may suspend a prison sentence and place the convicted person on community supervision. *See* TEX. CODE CRIM. PROC. ANN. ART. 42.12, §§ 3, 3g (Vernon Supp. 2008) (judge–ordered community supervision not available to those sentenced to imprisonment for more than ten years or who were adjudicated guilty of certain enumerated offenses).

**Analysis**

A trial court must consider the entire range of punishment. But what this means is that a trial court must be able to accept that the minimum legal punishment will be appropriate in some circumstances and the maximum legal punishment will be appropriate in some circumstances for a given level of criminal offense. *Cf.* ***Johnson v. State***, 982 S.W.2d 403, 405–06 (Tex. Crim. App. 1998) (stating same regarding prospective jurors); ***McClenan***, 661 S.W.2d at 110 ("These statements are analogous to those of a juror who states that he could consider the minimum punishment in a proper case, not any particular case. Such a juror is not subject to challenge for cause for bias against the range of punishment and neither is a trial judge subject to recusal for the same statement."). Once the facts necessary to assess punishment are before it, the trial court

2

is not only free to determine what punishment should be imposed, but it is required to tailor a punishment to the offense committed and the offender who committed it. *Cf. Johnson*, 982 S.W.2d at 405–06. That very process of deciding on the appropriate sentence involves considering and then rejecting certain possibilities. This decision making process is only problematic if the decision is made without consideration of the evidence or without consideration of the full range of available punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

In this case, Appellant was eligible for a suspended sentence, and the trial court judge repeatedly stated that he would consider suspending sentence. However, after hearing the facts, the trial court declined to probate the sentence and stated that "[t]he day is not going to come when I sit on the bench and hear this type of set of facts [sic] [and conclude that] probation is an appropriate remedy. Not going to happen with this Judge."[1]

We do not agree with Appellant that this shows the trial court did not consider the entire range of punishment. By way of a contrasting example, it is reversible error for a court to state that a specific sentence will be assessed if a probationer violates the conditions of his community supervision and then to assess that sentence reflexively upon a violation. *See Ex parte Brown*, 158 S.W.3d 449, 456–57 (Tex. Crim. App. 2005). A blanket decision that an individual who violates the conditions of his pretrial release cannot be placed on community supervision would appear to be a similar kind of prejudgment.

The trial court judge in this case did not state that he would not consider community supervision because Appellant had violated the law while on pretrial release. He did state that he would not suspend the sentence in this case, but the statement is nothing more than a tautology: the judge stated that he would not probate a sentence when it was not appropriate to probate the sentence. Appellant essentially conceded that he was not a good candidate for community supervision at the sentencing hearing when

---

[1] The State argues that Appellant has not preserved this complaint because he did not object at the time the sentence was imposed. Indeed, though the State did not cite it, this court has held that such a complaint must be preserved by contemporaneous objection. *See Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.–Tyler 2002, no pet.). However, Appellant argues that failure to consider the entire range of punishment is a structural error and need not be preserved by contemporaneous objection. This argument has been made before the court of criminal appeals in the recent past. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). The court declined to decide whether such a complaint must be preserved by a contemporaneous objection, instead holding that the trial court in that case considered the entire range of punishment.

3

he responded in the negative to his counsel's question as to whether he "deserve[d] probation."

In the absence of a contrary showing, we presume the trial court acted as a neutral and detached officer. *See **Brumit***, 206 S.W.3d at 645. The record in this case does not show that this presumption is overcome or that the trial court failed to consider the entire range of punishment. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 30, 2009.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)