**AFFIRM; and Opinion Filed February 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00027-CR
No. 05-14-00028-CR

**GILBERTO SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-50759-V and F12-50760-V**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Lang-Miers

The State indicted Gilberto Sanchez for continuous sexual abuse of a child and aggravated sexual assault of a child. He waived a jury and pleaded not guilty to the trial court. The court found him guilty and assessed punishment at life and 60 years in prison, respectively. On appeal, appellant argues that he was denied due process at sentencing because the trial court improperly predetermined his sentence. We decide appellant's issue against him and affirm the trial court's judgments. We issue this memorandum opinion because all dispositive issues are settled in law. TEX. R. APP. P. 47.4.

### Background

Appellant and his brother lived with appellant's girlfriend, B, and her two daughters, R, who was nine at the time of trial, and S, who was seven at the time of trial. One day in early

2012, S told her grandmother that appellant had touched her inappropriately. Grandmother told her son, who called the police. The girls were interviewed, after which the police arrested appellant. Appellant told a CPS worker that over a several-month time period he penetrated R's and S's mouth with his penis, penetrated R's and S's anus with his finger, and rubbed R's and S's vagina with his hand. He said S watched as he sexually assaulted R. S testified that she also saw appellant's brother sexually assault R.

The State offered appellant a plea bargain of 30 years on the charge of continuous sexual abuse of a child and agreed to drop the charge of aggravated sexual assault. The trial court admonished appellant that if he did not accept the plea bargain and was found guilty of these offenses, he would face a minimum sentence of 25 years and a maximum sentence of life in prison in both cases with no chance of parole, that he would not get credit for good conduct and would have to serve his sentence day for day, and that the State had asked the court to order appellant's sentences, if convicted, to run consecutively. Appellant rejected the State's offer and demanded a trial, but on the day of trial waived a jury and said he wanted to try the case to the court. The State agreed to the jury waiver. The trial court found appellant guilty and assessed his punishment as stated, but ordered the sentences to be served concurrently. Comments made by the trial court during a pretrial hearing and the day before trial started about the State's plea bargain offer are the subject of appellant's complaints on appeal.

**Discussion**

Appellant contends that the trial court predetermined his sentence by "repeatedly [telling him] he would face a far harsher sentence if he did not accept the State's plea-bargain offer of 30 years' imprisonment." He argues that a trial court's "arbitrary refusal to consider the entire range of punishment constitutes a denial of due process, and here the trial court explicitly announced before trial that Sanchez would receive a severe sentence[.]"

A trial court denies a defendant due process of law if the court arbitrarily refuses to consider the entire punishment range or if it imposes, without considering the evidence, a predetermined sentence. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled in part on other grounds by De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). However, to raise this complaint on appeal, appellant must have objected to the sentence unless he did not have an opportunity to do so. TEX. R. APP. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013).

The record reflects that appellant did not object to the comments made by the trial court at the time the comments were made. In a footnote, appellant argues that he was not required to object "[b]ecause the need to object was not apparent until after the sentence had been imposed, [and he] did not have an opportunity to object to the trial court's action." We disagree.

Appellant's trial was set for December 10, 2013. While waiting for the venire panel to arrive, the court discussed the State's plea bargain offer with appellant, appellant's attorneys, and the State, as the court had done at a pretrial hearing on August 16, 2013. Appellant again rejected the State's offer and said he wanted to "go forward" with a trial. However, the court learned that a venire panel would not be available until the next day. Meanwhile, appellant spoke privately with his attorneys, and, afterward, said he wanted the court to decide his guilt or innocence. He signed a jury waiver, the State arraigned him, he pleaded not guilty, and the court recessed the proceedings until the next morning.

The comments about which appellant complains were made at the pretrial hearing four months before trial and the day before the trial began. Appellant not only did not object to those comments at the time or move to recuse the judge, but he also waived a jury *after* the court made the complained-of comments. Even if appellant's decision to waive a jury and try the case to the court did not waive his complaint about the court's comments, appellant had ample opportunity

to object to the comments before the trial began, at the time the sentence was imposed, or no later than in a motion for new trial. *See Burt*, 396 S.W.3d at 577. Even constitutional claims must be preserved for appellate review. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Because appellant did not object to these comments, this issue presents nothing for our review. TEX. R. APP. P. 33.1(a); *see also Burt*, 396 S.W.3d at 577.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
Do Not Publish                          JUSTICE
TEX. R. APP. P. 47.2(b)

140027F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GILBERTO SANCHEZ, Appellant

No. 05-14-00027-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F12-50759-V.

Opinion delivered by Justice Lang-Miers, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of February, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GILBERTO SANCHEZ, Appellant

No. 05-14-00028-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F12-50760-V.

Opinion delivered by Justice Lang-Miers, Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of February, 2015.